## SORRELL et al. v. TIGER.

No. 11524—Opinion Filed Oct. 7, 1924.

(Syllabus.)

**Ejectment—Parties Plaintiff—Party in Interest.**

Where the facts show the plaintiff in an ejectment action to be an owner of premises in controversy, except for conveyance to coplaintiff, who disclaims in the action, such conveyance will not render such grantor not the real party in interest.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by Fannie Tiger, against Houston Sorrell et al., to recover possession and to have title quieted to an undivided one-third interest in and to certain lands. Judgment for plaintiff and defendants bring error. Affirmed.

Cheatham & Beaver and Johnston & Harris, for plaintiffs in error.

Robert B. Keenan, for defendant in error.

WARREN, J. This is an appeal from a judgment of the district court of Creek county in an ejectment action, adjudging Fannie Tiger, defendant in error, to be the owner of an undivided one-third interest in the land in controversy. The only controversy as revealed by the briefs is as to whether or not the defendant in error, Fannie Tiger, is the real party in interest. The suit was brought by her, and after its institution she conveyed by sufficient deed to Robert B. Keenan. The trial court made Keenan a party upon his application, and thereafter he disclaimed any interest in the premises except in so far as he had a lien for his attorney's fee. Being a party to the suit wherein all parties hereto had entered an appearance and filed a pleading, his disclaimer was sufficient to bind him as against all the parties to the action.

The only purpose of the deed may have been to secure an attorney's contract, and Keenan and Fannie Tiger, both being parties plaintiff, are bound by the judgment, and the defendants cannot be harmed. They did not show or attempt to show any prejudice by the making of Keenan a party and the action of the court under these circumstances was proper. Fannie Tiger at the time of the institution of the suit was the owner of the land and the suit was properly brought. She was also the owner and the party in interest at the rendition of the judgment.

The judgment of the trial court will be affirmed.

McNEILL, C. J., and NICHOLSON, JOHNSON, LYDICK, and GORDON. JJ., concur.